## Tompkins v. Commonwealth.

(Decided April 30, 1926.)

### Appeal from Boyd Circuit Court.

Homicide.—Evidence held sufficient to sustain conviction for malicious cutting.

CISCO & CISCO for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of malicious cutting and being given five years in the penitentiary therefor brings this appeal from such judgment. He insists that the verdict is not supported by the evidence and that the court erred in giving instruction No. 1.

So far as his first ground is concerned, appellant takes the position that the proof fails to establish a case of malicious cutting, but only at the most a cutting in a sudden affray and in sudden heat and passion. But three witnesses testified in the case—the prosecutor, the appellant, and a policeman. The latter's testimony sheds no light on the actual trouble or the cause of it. If the appellant's testimony is to be believed, he made out a case of self-defense. The prosecutor testified thus:

"On the night of the difficulty between me and Willie Tompkins, I left my home at 308 East Front street in my shirt sleeves for the purpose of getting a package of tobacco at a nearby store. I walked

down from my home to the corner of Front avenue and Eighteenth street and when I got near the corner I saw Willie Tompkins, whom I did not know at that time, standing near the corner with his hand on a post. Another man was standing nearby. As I got out even with them and started to turn the corner I said: 'Hello, pals.' As soon as I said 'Hello, pals,' Tompkins said: 'God damn you, I will show you hello, pals,' and started at me and struck at me and cut me across the chest, and I hit him with my fist and knocked him over against the water plug. He immediately got up and closed in on me and began cutting me with a large knife. He cut the muscles of my right arm in two and cut me in the groin that took fourteen stitches to sew up and on my hip. I did not have a knife or a pistol or any other weapon at any time during the difficulty, and I did not at any time make an effort to do Tompkins or any one else any harm until after Tompkins struck me and cut me on the chest as I have stated. I did not have my hands in my pockets, and did not at any time put my hands in my pockets, or make any other move as if to get a weapon of any kind.''

If this testimony is to be believed, and the jury did believe it as shown by its verdict, a case of malicious cutting was made out by the Commonwealth and this evidence supports the verdict.

As to instruction No. 1, which was an instructon cn "malicious cutting," appellant does not complain of its form but only that it should not have been given, since, as he says, the evidence did not warrant the giving of an instruction on malicious cutting. As we have seen, however, appellant is mistaken in this.

No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.